# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA FOR KINGS COUNTY, et al.,<br><br>　　　　　　Defendants.<br>　/ | Case No. 1:23-cv-01115-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S "MOTION"**<br><br>**(Doc. 9)**<br><br>**TWENTY-ONE (21) DAY OBJECTION DEADLINE**<br><br>Clerk to Assign a District Judge |

## I.　INTRODUCTION

On July 25, 2023, Plaintiff Derrick L. Johnson, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) In his complaint, which was filed in the Sacramento Division of this Court, Plaintiff alleges violations of his civil rights during criminal proceedings in the Superior Court of the State of California for Kings County. (*See id*.) The case was transferred, *sua sponte*, to the Fresno Division of this Court on July 26, 2023. (*See* Doc. 4.)

Along with his complaint, Plaintiff filed a document titled "Motion," requesting, on an ex parte basis, that the Court issue a temporary restraining order and a permanent injunction staying and/or relieving him from judgment in the underlying criminal case.[1] (Doc. 9.)

## II.　DISCUSSION

**A.　Legal Standard**

A preliminary injunction is an extraordinary and drastic remedy and will not be granted

---

[1] Plaintiff also seeks leave to proceed in forma pauperis. (Doc. 9 at 1.) As Plaintiff has paid the filing fee, such request is moot.

absent a clear showing of likely success in the underlying claim and likely irreparable injury.[2] *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Warsoldier v. Woodford*, 418 F.3d 989, 993–94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); Fed. R. Civ. P. 65.  To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Additionally, the function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988).  As such, there is heightened scrutiny where, as here, the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir.1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party.").  The Ninth Circuit Court of Appeals has held that this type of mandatory injunctive relief is disfavored and should be denied unless the facts and law clearly favor the movant. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979).  Finally, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

**B.   Analysis**

In this case, no defendant in this action has been served with process.  Plaintiff's complaint names the Superior Court of the State of California for Kings County; California Department of Corrections; James T. LaPorte; Louis F. Bissig; Steven D. Barnes; and Gavin Newsom.  (Doc. 1 at 1.)  Nevertheless, Plaintiff's complaint has not yet been screened pursuant to 28 U.S.C. § 1915A(a).[3]

---

[2] The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (citation omitted).

[3] Plaintiff pleads in his complaint that he is a prisoner and is seeking relief from a governmental entity (*see* Doc. 1 at 1, 2), thereby implicating 28 U.S.C. § 1915A.

His complaint will be screened in due course.  Service of process will only occur following screening and a finding that Plaintiff has stated one or more cognizable claims.  And, until Plaintiff has served the defendants with process pursuant to Fed. R. Civ. P. 4, this Court lacks personal jurisdiction over any defendant, and may not grant the injunctive relief Plaintiff requests.  *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district...court, without which the court is powerless to proceed to an adjudication" [citation & internal quotation omitted]); *Zepeda*, 753 F.2d at 727; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4").

Additionally, Plaintiff has not shown himself entitled to injunctive relief at this stage of the proceedings.  Even construing Plaintiff's motion to conclude it demonstrates Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, Plaintiff cannot demonstrate he is likely to succeed on the merits of his claims, a requirement that must be met to obtain injunctive relief. *Winter*, 555 U.S. at 20.  In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider.  *Disney Enterprises, Inc. v. VidAngel, In*c., 869 F.3d 848, 856 (9th Cir. 2017).

Here, Plaintiff's complaint has not yet been screened.  Therefore, it is unclear whether Plaintiff has stated cognizable claims entitling him to relief in these proceedings.  At the pleading stage, the Court is not able to determine questions of the claims' merit that require submission of evidence, versus only a determination as to whether a claim has been plausibly stated.  *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008).  Without such a finding that Plaintiff has stated cognizable claims, the likelihood of success on the merits cannot be determined at this time.

Regarding the requirement that Plaintiff make a showing that the balance of equities tips in his favor and that an injunction is in the public interest, Plaintiff makes no such showing.  *Winter*, 555 U.S. at 20.

In sum, Plaintiff's ex parte "Motion" seeking preliminary injunctive relief is premature. Plaintiff is cautioned that any further requests for preliminary injunctive relief that are filed before

the defendants are served with process in this case will also be recommended to be denied, without prejudice, as premature.

### III.   FINDINGS AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's "Motion," filed on July 26, 2023 (Doc. 9), be DENIED WITHOUT PREJUDICE.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within twenty-one (21) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to assign a district judge to this case and to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **August 4, 2023**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE