# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br>  Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR KINGS COUNTY, et al.<br>  Defendants. | Case No. 1:23-cv-01115-JLT-SKO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF 1:23-cv-1124-SAB<br><br>(Doc. 1)<br><br>THIRTY DAY DEADLINE |

## I.    INTRODUCTION

Derrick L. Johnson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

The undersigned finds that this case, Case No. 1:23-cv-01115-JLT-SKO, filed by Plaintiff on July 25, 2023, is duplicative of *Johnson v. Superior Court of the State of California for Kings County*, Case No. 1:23-cv-1124-SAB, Case No. 1:23-cv-01124-SAB, filed by Plaintiff on July 18, 2023, both of which were filed in the Sacramento Division of this Court and subsequently transferred to the Fresno Division.

Accordingly, the undersigned shall recommend that this case, Case No. 1:23-cv-01115-JLT-SKO, be dismissed as duplicative of the first-filed case, Case No. 1:23-cv-01124-SAB.

## II.    PROCEDURAL BACKGROUND

A.    First-Filed Case (1:23-cv-1124-SAB)

On July 18, 2023, Plaintiff filed a civil rights case in the Sacramento Division of this Court,

1 which was assigned Case No. 2:23-cv-1430-DMC. (Doc. 1.) The then-assigned magistrate judge
2 issued an order on July 24, 2023, directing Plaintiff to file an application for leave to proceed in
3 forma pauperis or pay the appropriate filing fee within thirty days. (Doc. 3.)

4       On July 28, 2023, the case was transferred to the Fresno Division and assigned Case No.
5 1:23-cv-1124-SAB. (Doc. 4.)

6 B.    <u>Later-Filed Case (1:23-cv-1115-JLT-SKO)</u>

7       On July 25, 2023, Plaintiff filed a civil rights complaint initiating the present case in the
8 Sacramento Division of this Court, which was assigned Case No. 2:23-cv-1519-TLN-AC (PS).
9 (Doc. 1.) Plaintiff paid the $402.00 filing fee in full for this case.

10       On July 26, 2023, the case was transferred to the Fresno Division and assigned Case No.
11 1:23-cv-1115-JLT-SKO. (Doc. 4.)

12       Along with his complaint, Plaintiff filed a document titled "Motion," requesting, on an ex
13 parte basis, that the Court issue a temporary restraining order and a permanent injunction staying
14 and/or relieving him from judgment in the underlying criminal case. (Doc. 9.) On August 7, 2023,
15 the undersigned issued findings and recommendations recommending that the "Motion" be denied
16 without prejudice. (Doc. 12.)

17                **III.**          **LEGAL STANDARD**

18       "District courts retain broad discretion to control their dockets and '[i]n the exercise of that
19 power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v.*
20 *California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds*
21 *by Taylor v. Sturgell,* 553 U.S. 880 (2008) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*,
22 782 F.2d 829, 831 (9th Cir. 1986)). "After weighing the equities of the case, the district court may
23 exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending
24 resolution of the previously filed action, to enjoin the parties from proceeding with it, or to
25 consolidate both actions." *Adams*, 497 F.3d at 688 (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133,
26 138–39 (2d Cir. 2000)). *See also Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997)
27 (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70–71 (3d Cir. 1977)).

28       "Plaintiffs generally have 'no right to maintain two separate actions involving the same

subject matter at the same time in the same court and against the same defendant.'" *Adams*, 497 F.3d at 688 (quoting *Walton*, 563 F.2d at 70).

In assessing duplicative lawsuits, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. "Under the first part of the duplicative action test, [t]o ascertain whether successive causes of action are the same, [a court should] use the transaction test, developed in the context of claim preclusion [and articulated in Adams]." *In re Consol. Salmon Cases*, 688 F. Supp. 2d 1001, 1007 (E.D. Cal. 2010) (internal quotation marks omitted). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Morris v. Mini*, No. 2:12-cv-1774-TLN-DMC (PC), 2019 WL 3425277, at *10 (E.D. Cal. July 30, 2019) (quoting *Adams*, 487 F.3d at 689) (internal quotation marks omitted).

### IV.     DISCUSSION

A review of the two cases shows that the parties, causes of actions, and relief sought are the same, and the later-filed case, Case No. 1:23-cv-1115-JLT-SKO, should be dismissed as duplicative of Case No. 1:23-cv-1124-SAB.

A.  Defendants

Plaintiff's complaint in Case No. 1:23-cv-1124-SAB and the complaint in the present case, Case No. 1:23-cv-1115-JLT-SKO, both name the same six defendants: (1) Superior Court of the State of California for Kings County, (2) California Department of Corrections and Rehabilitation, (3) James T. LaPorte, (4) Louis S. Bissig, (5) Steven D. Barnes, and (6) Governor Gavin Newsom. (*See* Case No. 1:23-cv-1124-SAB, Doc. 1 at 3; Case No. 1:23-cv-1115-JLT-SKO, Doc. 1 at 1.)

B.  Complaints

The complaint in Case No. 1:23-cv-1124-SAB and the complaint in Case No. 1:23-cv-1115-JLT-SKO are comprised entirely of handwritten text. (*See* Case No. 1:23-cv-1124-SAB, Doc. 1 at 3–6; Case No. 1:23-cv-1115-JLT-SKO, Doc. 1 at 1–4.) The allegations in both cases are that the defendants conspired to violate Plaintiffs' constitutional rights by prosecuting, convicting, sentencing, and imprisoning him in an underlying criminal proceeding in Kings County Superior Court. (*See id*.) The complaints both include the same verbatim four paragraphs (except for

1 typographic corrections, *e.g.*, changing the spelling of "Newsome" to "Newsom"); the same
2 verbatim section titled "The Relief Sought"; and a section titled "Brief," where the only substantive
3 difference is the addition of a ninth "legal contention," which reads: "Plaintiff's arrest (in aforesaid
4 criminal case) was illegal in that the defective complaint does not provide a sufficient basis upon
5 which a finding of probable cause could be made, as decided in Giordenello v. U.S. (1958) 2 L.Ed.
6 2d 1503 by the Supreme Court of the United States."  (*See id.*)

### C. Relief Requested

Plaintiff requests the same verbatim relief in both cases:

> 1) For this action to be commenced under 42 U.S.C. § 1997a; 2) For Plaintiff to be allowed a reason attorney's fee against the United States as part of the costs; 3) For Plaintiff's conviction of crime (as incident of an illegal arrest) to be reversed in aforesaid criminal case; 4) The recovery of damages for the following sum against the following conspirator: A) For the sum of $15,000,000.00 against Defendant Superior Court for the State of California for Kings County; B) For the sum of $15,000,000.00 against Defendant Governor Gavin Newsom; C) For the sum of $15,000,000.00 against Defendant California Department of Corrections and Rehabilitation; D) For the sum of $1,000,000.00 against Defendant James T. LaPorte; E) For the sum of $1,000,000.00 against Defendant Louis F. Bissig; and F) For the sum of $1,000,000.00 against Defendant Steven D. Barnes; and 5) For the following judge to be disqualified (in aforesaid criminal case) for the reason a person aware of the facts (in this complaint) might reasonably entertain a doubt that the judge would be able to be impartial: A) Defendant James. T. LaPorte; B) Defendant Louis F. Bissig; and C) Steven D. Barnes.

(*See* Case No. 1:23-cv-1124-SAB, Doc. 1 at 6; Case No. 1:23-cv-1115-JLT-SKO, Doc. 1 at 2–3.)

### D. Pagination and Other Variations

The pagination of the two complaints varies.  Pages three and four of the complaint in 1:23-cv-1124-SAB appear out of order.  In addition, the first two pages of the complaint in Case No. 1:23-cv-1124-SAB is a document titled "Motion," which the Court observes is substantively identical to the document titled "Motion" filed separately at Doc. 9 in Case No. 1:23-cv-1115-JLT-SKO.  (*See* Case No. 1:23-cv-1124-SAB, Doc. 1 at 1–2; Case No. 1:23-cv-1115-JLT-SKO, Doc. 9 at 1–3.)  Finally, Plaintiff signed the complaints on different dates: Case No. 1:23-cv-1124-SAB is dated March 8, 2023, whereas Case No. 1:23-cv-1115-JLT-SKO is dated July 23, 2023.  (*See* Case No. 1:23-cv-1124-SAB, Doc. 1 at 4, 6; Case No. 1:23-cv-1115-JLT-SKO, Doc. 1 at 2.)

However, despite these and other minor variations, the undersigned finds the cases to be

4

duplicative. "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Morris*, 2019 WL 3425277, at *10.

Based on the foregoing, the undersigned finds that Plaintiff's two pending cases are duplicative, and Case No. 1:23-cv-1115-JLT-SKO, which was filed after Case No. 1:23-cv-1124-SAB, should be dismissed as duplicative.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that the present case, Case No. 1:23-cv-1115-JLT-SKO, is duplicative of *Johnson v. Superior Court of the State of California for Kings County*, Case No. 1:23-cv-1124-SAB, and should be dismissed as such.

Accordingly, IT IS RECOMMENDED that:

1. This case, Case No. 1:23-cv-1115-JLT-SKO, be DISMISSED as duplicative of *Johnson v. Superior Court of the State of California for Kings County*, Case No. 1:23-cv-1124-SAB, Case No. 1:23-cv-1124-SAB; and

2. The Clerk of Court be directed to administratively CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  <u>Within thirty (30) days of service of these findings and recommendations</u>, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **August 8, 2023**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE